IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILL O. KING | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § | 1:15-CV-0583-TWT |
| | § | |
| KYLEMA JACKSON, Individually and in His Official Capacity as a City of Atlanta Police Officer and the CITY OF ATLANTA | § § § § § | |
| Defendants. | § | |

## CITY OF ATLANTA'S MOTION TO DISMISS AND INCORPORATED BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Defendant City of Atlanta ("The City") and files its Motion to Dismiss Plaintiff's Complaint for Damages and Incorporated Brief in Support of Motion to Dismiss.

### I. STATEMENT OF THE CASE

Plaintiff Will O. King ("Plaintiff") has brought suit against the City of Atlanta and Former Officer Kylema Jackson ("Officer Jackson") pursuant to 42 U.S.C. Section 1983. Specifically, Plaintiff alleges Former Officer Jackson violated his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.[1] Plaintiff also contends that the City of Atlanta

---

[1] *See generally*, Complaint.

had a policy, practice and custom of negligent retention and failure to instruct, supervise, control and discipline. It is also alleged that the Defendants violated related state law violations.[2]

## II. STATEMENT OF FACTS

On April 4, 2013 Plaintiff was driving a vehicle on Jonesboro Road, in the City of Atlanta.[3] He made a stop at a CITGO gas station for a passenger to make a purchase.[4] During the stop, a passenger exited the vehicle.[5] At the same time, Officer Jackson drove into the parking lot and stopped beside Plaintiff's vehicle.[6] Officer Jackson activated his blue lights.[7] Officer Jackson exited his vehicle with his service weapon drawn and approached Plaintiff's driver's window.[8] Officer Jackson yelled for all occupants to raise their hands.[9] Officer Jackson ordered Plaintiff several times to turn of the vehicle and open the door.[10] Instead of complying, Plaintiff started to drive away.[11] Officer Jackson banged against the

---

[2] *Id.*
[3] *Id.* at ¶11
[4] *Id.* at ¶13
[5] *Id.* at ¶14
[6] *Id.* at ¶15
[7] *Id.* at ¶16
[8] *Id.* at ¶18
[9] *Id.* at ¶19
[10] *Id.* at Exhibit A, p. [49]
[11] *Id.*

driver window as he drove off and his service weapon accidently discharged.[12] Plaintiff was hit in the face by the bullet but continued to drive away.[13]

Officer Jackson followed the vehicle to 925 Conley Road where the Plaintiff jumped out of the vehicle and ran.[14] It was later discovered that he was located at a hospital getting treatment.[15] Plaintiff had three outstanding warrants for his arrest from Fulton, Dekalb and Clayton counties.[16]

### III. ARGUMENT AND CITATION OF AUTHORITY

#### A. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[17] Dismissal is also proper if the allegations indicate the existence of an affirmative defense or other bar to relief.[18] "[A] complaint may be dismissed under Rule 12(b)(6) when its own allegations reveal the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint."[19]

---

[12] *Id.*
[13] *Id.* at ¶20, 21; *Id.* at Exhibit A, p. [49]
[14] *Id.* at ¶21; *Id.* at Exhibit A, p. [49]
[15] *Id.* at ¶21; *Id.* at Exhibit A, p. [49]
[16] *Id.* at Exhibit A, p. [49]
[17] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).
[18] *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *adhered to en banc*, 764 F.2d 1400 (11th Cir. 1985).
[19] *Id.*

### B. **PLAINTIFF'S FEDERAL CLAIMS AGAINST THE CITY OF ATLANTA MUST BE DISMISSED.**

Plaintiff has brought a Section 1983 claim against the City of Atlanta. However, in *City of Los Angeles v. Heller*, the United States Supreme Court made clear that if there is no constitutional violation, there can be no liability on the part of the individual officer or the governmental body.[20] In this circuit, the courts have held that in a Section 1983 case against a municipality, the court must find a violation of a constitutional right prior to finding municipal liability.[21] A *priori,* if this court finds that a City of Atlanta employee did not violate Plaintiff's constitutional rights, then Defendant City of Atlanta is not liable.

However, even assuming a violation of Plaintiff's constitutional rights, a municipal government may only be held liable under 42 U.S.C. Section 1983 where an official policy or custom causes the alleged constitutional injury.[22] A municipality may not be held liable on a theory of *respondeat superior*.[23] Municipal entities cannot be held liable simply for employing an alleged

---

[20] *City of Los Angeles v. Heller*, 475 U.S. 796 (1986); see also *Vinyard v. County of Murray*, 990 F .2d 1207, 1211 (11th Cir. 1993).

[21] *Wyke v. Polk County School Board*, 129 F.3d 560, 568-69 (11th Cir. 1997); *Rooney v. Wilson*, 101 F.3d 1378, 1381 (11th Cir. 1996); *Skinner v. City of Miami*, 62 F.3d 344, 348 (11th Cir. 1995).

[22] *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).

[23] *Id.* at 691.

tortfeasor.[24] Instead, liability can only be imposed for injuries inflicted pursuant to an official "policy or custom" of the municipality.[25] "Where a Plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."[26] Where it is claimed that an employee was encouraged to act unlawfully by his or her recognition that the municipality would not act to stop such conduct, it must be shown that the municipality continued to adhere to an approach that it knew or should have known had failed to prevent tortious conduct in the past and was likely to result in such conduct in the future.[27] The municipality must have acted with deliberate indifference to the known or obvious consequences.[28] Plaintiff has not satisfied this standard as to the municipal Defendant City of Atlanta.

Plaintiff must present facts showing the existence of a policy, practice, or custom leading to a violation of their constitutional rights.[29] Plaintiff must identify and produce evidence of (1) the existence of some policy, custom, or practice; (2)

---

[24] *Board of County Commissioners of Bryan County, Okla. V. Brown*, 520 U.S. 397 (1997).
[25] *Monell*, 436 U.S. at 694.
[26] *Brown*, 520 U.S. at 405.
[27] *Id.* at 407.
[28] *Id.*
[29] *Riley v. Newton*, 94 F.3d 632, 638 (11th Cir. 1996).

which is attributable to the municipality; (3) that was the moving force behind, and (4) a constitutional injury..[30] Proof of a **single** incident of unconstitutional activity is not sufficient to impose liability" against a **municipality**. [31] "A **single** incident would not be so pervasive as to be a **custom**,"[32] because a **custom** must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it."[33] This requirement of proof "prevents the imposition of liability based upon an isolated incident,"[34] and "ensures that a **municipality** is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the **municipality**."[35] "In the absence of a series of constitutional violations from which deliberate indifference can be inferred, the plaintiff must show that the policy itself is unconstitutional."[36] Unless the policy itself is unconstitutional, considerably more proof than the single incident will be necessary in order to establish both the

---

[30] *City of Oklahoma City v. Tuttle*, 471 U.S. 823-24 (1985); *Parker v. Williams,* 862 F.2d 1471, 1477-78 (11th Cir. 1989).
[31] *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985).
[32] *Grech v. Clayton County*, 335 F.3d 1326, 1330 n.6 (11th Cir. 2003).
[33] *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991).
[34] *McDowell v. Brown* 392 F.3d 1283, 1290 (11th Cir. 2004).
[35] *Id.* (*quoting Bd. of Cnty. Comm'rs v Brown*, 520 U.S. 397, 403-04 (1997).
[36] *Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 531 (7th Cir. 2000).

requisite fault on the part of the municipality and the casual connection between the policy and the alleged constitutional deprivation.[37]

A "policy" is a decision officially adopted by the municipality or created by an official of such rank that he or she is acting on behalf of the municipality.[38] "Policy" denotes a specific decision or set of decisions designed to carry out a chosen course of action.[39] A "custom", on the other hand, is a practice so well-settled and permanent that it takes on the force of law.[40] Where an official's acts are not the result of any formal or informal city policy or custom, but are random acts or isolated incidents, such acts are insufficient to establish municipal liability.[41]

Plaintiff claims that the City of Atlanta negligently retained Officer Jackson in asserting that the City was deliberately indifferent to Officer Jackson's actions. . In asserting this argument, Plaintiffs rely on Officer Jackson's disciplinary history. However, it is this very history that supports the City's defense. "To establish a

---

[37] *Tuttle*, 471 US at 823-824; *Pembauer v. City of Cincinnati*, 475 U.S. 469, 480 (1986); *Williams v. City of Albany*, 936 F.2d 1256, 1261 (11th Cir. 1991).

[38] *Pembauer*, 475 US 469 (1986).

[39] *Id.*, *See also City of Oklahoma City v. Tuttle*, 471 US at 823.

[40] *Adickes v. S.H. Kress and Co.*, 398 U.S. 144 (1979); *Depew v. City of St. Mary's* 787 F.2d 1496 (11th Cir. 1986).

[41] *Anderson v. City of Atlanta*, 778 F.2d 678, 685 (11th Cir. 1985); *Depew v. City of St. Mary's*, 787 F.2d 1496, 1499 (11th Cir. 1986); *McMillian v. City of Lockmart*, 653 F.2d 907, 910 (5th Cir. 1981).

[municipality]'s deliberate indifference, 'a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action.'"[42]

Where a plaintiff attempts to show deliberate indifference through a pattern of past violations and a failure to take appropriate action, "[ a] list of complaints against police officers, without more, is insufficient to create an issue of fact regarding [a municipality's] policy of inadequately investigating or disciplining its police officers. Rather, the Plaintiff must present at least some evidence from which a reasonable jury could infer that the complaints were meritorious."[43] ("[T]he number of complaints bears no relation to their validity.").[44]

Plaintiff references in his complaint at least seven instances over the last eleven years of complaints filed against Officer Jackson. In the references, Plaintiff acknowledges that the City of Atlanta rigorously investigated each and every one of the complaints.[45] Plaintiff even admits that Officer Jackson was investigated and punished for the claims made.[46] City of Atlanta addressed each complaint made against Officer Jackson over an eleven year period and never

---

[42] *Lewis v. City of W. Palm Beach,* 561 F.3d 1288, 1293 (11th Cir.2009) (quoting *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11thCir.1998)).
[43] *Ayton v. Orange Cnty. Sheriff Dep't,* No. 6:10–cv–1930–Orl–28GJK, 2012 WL 4711911, at *3 (M.D.Fla. Oct. 3, 2012) (quotation omitted); *see also Brooks v. Scheib,* 813 F.2d 1191, 1193 (11th Cir.1987)
[44] Id.
[45] Complaint, ¶50
[46] Id.

failed to discipline Officer Jackson for each confirmed violation.[47] City of Atlanta went even further to assess Officer Jackson's mental health when a concern was raised by one of his superiors.[48] In May 2005, Officer Jackson was relieved from duty and sent for a psychological evaluation. He was cleared for duty by the psychologist in July 2005.

Plaintiff wants to use as a weapon the very procedure used by the City to address complaints against officers. Plaintiff wants to ignore that each complaint was investigated by OPS, and that in each case OPS interviewed numerous witnesses and officers, collected and analyzed physical evidence, and prepared exhaustive findings and conclusions. And contrary to Plaintiff's assertions, the City took numerous steps to ensure that Officer Jackson was trained and disciplined properly. The City never hesitated to discipline Officer Jackson when necessary. Officer Jackson has resigned from the force prior to an OPS conclusion of the instant case.

Furthermore, Plaintiff's failure to provide evidence of prior notice by the City of an alleged incident **which the City failed to investigate** is fatal to Plaintiff's claim as further made clear in *Gold v. City of Miami.* The Court's mandate that a Plaintiff have evidence of a prior instance that was known by the City and **where the City failed to act** is consistent with the requirement that the

---
[47] Id., ¶¶ 57, 68, 73, 84, 98, 102, 109, 120
[48] Id., ¶¶ 59-62, 71-74

9

alleged policy or practice be the "moving force" behind the alleged constitutional violation. Indeed, it stands to reason that unless the Atlanta Police Department (and, more specifically, the Chief of Police, as the decision to ratify such conduct must rise to the level of the chief decision maker) is aware of an incident that occurred prior to the alleged incident and deliberately fails to take action, it cannot be the moving force behind the alleged constitutional violation. As such, Plaintiff's complaint against the City of Atlanta, premised on allegations of unspecified prior bad conduct does not create a custom or policy and fails as a matter of law.

C. **PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF ATLANTA FAIL AS A MATTER OF LAW**

   a. **Plaintiffs' State Law Claims Must Be Dismissed.**

   1. Plaintiff's Negligence Claims Against the City of Atlanta Are Entirely Without Merit.

Plaintiffs also allege that the City of Atlanta's refused to or negligently trained, supervised, direct, control, disciplined, selected or retained Officer Jackson. However, as noted above, Plaintiffs lacked any evidence of the City's negligence in this case. Rather, Plaintiff's statements amount to nothing more than self-serving, conclusory statements unsupported by the facts of this case. Indeed, the conclusory nature of Plaintiff's allegations is particularly evident since the evidence presented by Plaintiff actually supports the City's defense.

## b. Sovereign Immunity Bars Plaintiff's State Law Claims Against the City of Atlanta.

Plaintiff's state law claims against the City are barred by the doctrine of sovereign immunity. Pursuant to Article IX, Section II, Paragraph IX of the Constitution of the State of Georgia, it is the public policy of the State of Georgia that there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations shall be immune from liability for damages.[49] Sovereign immunity is a threshold issue and Plaintiff bears the burden of establishing that the City's alleged conduct is excepted from sovereign immunity.[50] Without a waiver of sovereign immunity, a municipal corporation cannot be liable for the torts of policemen or other officers engaged in the discharge of the duties imposed on them by law.[51]

Thus, governmental immunity precludes this lawsuit against the City unless the City waived its immunity by purchasing liability insurance, which it did not.[52] There being no evidence or allegation that the City purchased liability insurance such that it waived its sovereign immunity, Plaintiff's state law claims are barred

---

[49] O.C.G.A. § 36-33-1.
[50] *Dept. of Transp. v. Cox,* 246 Ga. App. 221, 222 (2000); **Reidling v. City of Gainesville,** 280 Ga. App. 698, 701 (2006); **Scott v. City of Valdosta**, 280 Ga. App. 481, 484 (2006).
[51] *Scott,* 280 Ga. App. at 485; O.C.G.A. § 36-33-3.
[52] *Reese v. City of Atlanta*, 261 Ga. App. 761, 762 (2003) (stating same and affirming the trial court's grant of summary judgment in favor of the city).

by the doctrine of sovereign immunity and should be dismissed. Furthermore, the City cannot be liable for the alleged torts of its police officers engaged in the discharge of the duties imposed on them by law.[53] Therefore, even if the Defendant police officer committed torts under Georgia law, the City is not liable to Plaintiff. Accordingly, all such claims against the City of Atlanta must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant City of Atlanta requests that all claims against the City be dismissed.

## CERTIFICATION

Counsel for City Defendants certifies that this brief has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted, this 23rd day of March, 2015.

/s/ LaShawn W. Terry
**ROBERT N. GODFREY**
Chief Counsel
Georgia Bar No. 298550
**LASHAWN W. TERRY**
Sr. Assistant City Attorney
Georgia Bar No. 702578

---

[53] O.C.G.A. § 36-33-3; *McDay v. City of Atlanta,* 204 Ga. App. 621, 622(3) (1992).

City of Atlanta Law Department
Suite 5000
55 Trinity Avenue
Atlanta, GA 30303
(404) 546-4178(telephone)
(404) 546-9535 (facsimile)
lterry@atlantaga.gov

# IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WILL O. KING | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 1:15-CV-0583-TWT |
| | § | |
| KYLEMA JACKSON, Individually and in | § | |
| His Official Capacity as a City of Atlanta | § | |
| Police Officer and the CITY OF ATLANTA | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 23rd, 2015, I electronically filed a copy of the **CITY OF ATLANTA'S MOTION TO DISMISS AND INCORPORATED BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES** with the Clerk of Court using the CM/ECF system with service on all attorneys of record electronically.

> */s/LaShawn W. Terry*
> **LASHAWN W. TERRY**
> Sr. Assistant City Attorney
> Georgia Bar No. 702578