IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILL O. KING, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Plaintiff, | : | |
| | : | **CIVIL ACTION FILE NO.** |
| v. | : | **1:15-CV-0583-TWT** |
| KYLEMA JACKSON, | : | |
| Individually and in his Official | : | |
| Capacity as a City of Atlanta | : | |
| Police Officer, and | : | |
| THE CITY OF ATLANTA | : | |
| Defendants. | : | |

## PLAINTIFF'S THIRD AMENDMENT TO
## INITIAL AND EXPERT DISCLOSURES

Comes now Will O. King, Plaintiff herein, and amends his initial and expert

disclosures, under Disclosure 4, Attachment "B", originally filed on July 19, 2015,

which identified, Dr. George Kirkham of Dr. George Kirkham and Associates, Inc.

as a person who is expected to testify at the trial of this case as an expert witness,

with Professional Vita and list of cases attached. Attached hereto is Dr. Kirkham's

written report, Professional Vita, list of other cases in which he has testified as an

expert and statement of compensation, in compliance with Rule 26(a)(2)(B) of the

Federal Rules of Civil Procedure.

1

This 30th day of October, 2015.

/s/ *James D. McGuire*
**James D. McGuire**
Georgia Bar No. 493325
**Richard B. Crohan**
Georgia Bar No. 197120
rcrohan@mcklaw.org
Counsel for Plaintiff

McGuire & Klinger
Not A Partnership
1800 Peachtree Street, Suite 514
Atlanta, Georgia 30309
404-351-8500 main line
404-351-8805 fax
jmcguire@mcklaw.org

**Stanford N. Klinger**
Georgia Bar No. 425191
Counsel for Plaintiff

1031 Juniper Street
Atlanta, Georgia 30309
404-892-1212
stanklinger@gmail.com

2

Plaintiff's Amended Attachment "B"

Dr. George Kirkham is a person who is expected to testify at the trial of this case as an expert witness. Attached hereto is Dr. Kirkham's Professional Vita, written report, list of other cases in which he has testified as an expert and statement of compensation in compliance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

Dr. George Kirkham and Associates, Inc., 1402 James Bay Road, Palm Beach Gardens, FL 33410, (800) 488-9231. (Plaintiff incorporates by reference Dr. Kirkham's report attached hereto. The anticipated subject matter includes but is not limited to the Atlanta Police Department's violations of professional standards, practices and protocols in the hiring, retention and supervision of Kylema Jackson, despite his known predisposition for violent behavior that resulted in numerous instances in which Jackson used excessive force and violated the Constitutional rights of many individuals. The City's failure and refusal to discipline Jackson commensurate with his unconstitutional behavior taught, encouraged and emboldened him and was a moving force for the unconstitutional excessive force in the shooting of Will O. King. He is also expected to testify that Kylema Jackson, in addition to violating the Constitutional rights of Will O. King, breached

3

professional standards, practices and protocols.)



**The Florida State University**
Tallahassee, Florida 32306-1127

*College of Criminology and Criminal Justice*

October 21, 2015

Mr. James D. McGuire
McGuire, Crohan & Klinger
Attorneys at Law
1800 Peachtree Street
Suite 514
Atlanta, Georgia 30309

RE: *King v. City of Atlanta*

Dear Mr. McGuire:

Pursuant to your request, I would like at this time to submit the following report relative to the above styled action. It is my understanding that discovery in this matter is ongoing. I, therefore, reserve the right to supplement this report upon receipt of additional relevant material.

My analysis of this matter thus far is predicated upon examination of the following:

(1) Complaint and Pleadings;
(2) Officer Jackson's personnel and training records;
(3) Officer Jackson's disciplinary history (APD Office of Professional Standards);
(4) Patrol dash cam and gas station security video of shooting incident on 4/4/13;
(5) APD investigative records relative to the shooting incident on 4/4/13;
(6) Plea of Officer Jackson regarding criminal charges arising from the shooting incident of 4/4/13;
(7) Atlanta Journal Constitution news articles concerning Officer Jackson's personnel history;
(8) Atlanta Police Department Policy Manual;
(9) Memo of 5/18/05 from Major Harris to Deputy Chief Dunovant regarding correction of earlier truthfulness complaint against Officer Jackson from "not sustained" to "sustained";
(10) Memo of 5/24/05 from Sgt. Senzer to Lt. Yabuku regarding refusal of a direct order by Officer Jackson to accept a duty assignment;
(11) Memo of 5/24/05 from Sgt. Mills to Lt. Yabuku expressing concern over Officer Jackson's "psychological or emotional impairment" and fear about the risk of imminent violence he posed;
(12) Atlanta Police Department records regarding investigation of complaints filed against Officer Jackson during his employment with the agency;
(13) City of Atlanta correspondence from Chief Pennington to Mr. Solamon on August 4, 2008 regarding scheduling of a fitness for duty evaluation of Officer Jackson;

5

(14) City of Atlanta memorandum dated November 4, 2008 from Jerry Solamon to Chief Pennington regarding fitness for duty evaluation of Officer Jackson;

(15) Memorandum dated March 3, 2015 regarding review of Officer Jackson shooting incident by APD Office of Professional Standards (OPS Complaint File #13-I-0210--PS).

(16) Memorandum of 5/26/05 from Sgt. Earls to Major Harris regarding transporting of Officer Jackson to the psychological service office on 5/25/05 and relieving him of his gun and badge;

(17) Memo of 5/25/05 from Sgt. Earls to Officer Jackson informing him that he is immediately relieved from police duty;

(18) Memo of 7/14/05 from Investigator Bailey to Officer Jackson informing him that he is immediately returned to full police duty;

(19) Memo of October 26, 2009 from Major Ernest Finley to Sgt. Janice Sturdivant RE: Officer K. Jackson Fitness for Duty;

(20) Fitness for Duty psychological evaluation for Officer Jackson from Dr. Stone dated January 12, 2009.

My analysis of the aforementioned material reveals extremely serious violations of well established law enforcement standards and procedures on the part of both Officer Jackson and the Atlanta Police Department. I would like to emphasize that this conclusion remains even if one hypothetically construes all known facts and circumstances in a light most favorable to the defendants.

Law enforcement officers are entrusted with the power to deprive citizens of the two things we value most as a democratic society operating under the rule of law: liberty and even life itself. Patrol officers are essentially "solitary actors" who enforce laws and respond to calls for assistance with very little immediate supervision or oversight by superiors. Officers are routinely required to exercise sound judgment in stressful and rapidly changing line of duty situations. For this reason it is imperative that every law enforcement agency, regardless of its size or jurisdiction, closely monitor the performance of all line officers and react promptly to citizen complaints as well as any internal indications that an officer is unfit for duty.

Let me state at the outset of this report that the case at hand represents the single most egregious instance of grossly negligent retention of a law enforcement officer I have witnessed in my professional lifetime. As a criminologist and former law enforcement officer who has specialized in police standards and procedures for over four decades, I have conducted well over 1,000 evaluations of police related incidents in nearly every state in the nation at the request of attorneys for both plaintiff and defense. I have never seen anything approaching the kind of administrative incompetence displayed by the Atlanta Police Department in its reaction to Officer Jackson's misconduct over a period of many years. It is my considered professional opinion that the agency's failure to terminate Officer Jackson long before the incident which has given rise to this litigation, coupled with its failure to react appropriately to his repeated displays of anger and acts of aggression toward citizens, was a significant and proximate cause of the injuries suffered by the plaintiff. The continued retention of any law enforcement officer who was as obviously unfit for duty as Officer Jackson and who posed such a clear ongoing danger to

the lives and safety of others would be astonishing even in a very small police department. That such a thing could occur in an agency which employs over 2,000 officers in one of the nation's largest cities truly "shocks the conscience."

On May 24, 2005, Officer Kylema Jackson **refused a direct order** from Sgt. Senzer to work a foot patrol beat with another officer, stating that such an assignment "...went against his principals [sic] and manhood," and that if given future assignments that he resented he would "refuse to work them." (Sgt. Senzer 5/24/05 memo to Lt. Yabuku, p.1). Sgt. Mills was present and witnessed this obvious act of insubordination in violation of APD Work Rule 4.2.09. In addition to Jackson's refusal to obey a direct order which any reasonably competent police officer should have realized was lawful and proper, Sgt. Senzer described "...the hostility in Officer Jackson's voice" as both sergeants explained to him the consequences of refusing to follow a direct order.

During this interview, both veteran sergeants became convinced that Officer Jackson was "mentally unbalanced" and that his behavior was "...so bizarre that we wondered would he reach for his weapon and use it [on us]. Sgt. Senzer told me that during our conversation he actually became aware that he was not wearing his bulletproof vest and he subconsciously placed his hand on his weapon" (Mills Memo, p.2).

It should have been obvious to both sergeants during this interview that Officer Jackson posed a serious risk of violence. Accordingly, he should have been relieved of his badge and firearm before being allowed to leave the interview room and been placed on immediate paid administrative leave pending the outcome of: (1) a psychological Fitness for Duty evaluation (FFD); and (2) a prompt administrative evaluation of the insubordination he manifested during the interview followed by appropriate disciplinary action. Instead, he was allowed to leave the building with his badge and weapon. Sgt. Mills added at the end of his memo, "I feel I erred by not relieving Off. Jackson from duty at that time."

The day following the interview by Sgts. Senzer and Mills, Sgt. Earls provided written notification to Officer Jackson that he was being immediately relieved of duty and required to surrender his APD issued firearm, identification and badge pursuant to OPS Complaint File# 05-I-0378-SOP. Sgt Earls also sent a memo to Major Harris on the same day (May 26, 2005) advising that he and Sgt. Lee had transported Officer Jackson from the Zone 3 mini precinct to the office of psychological services for an interview with behavioral health specialist Derris K. Mitchell.

I can only conclude from the failure of the City of Atlanta Police Department to produce any written documentation concerning the evaluation which was presumably conducted by Derris Mitchell that critical information regarding Officer Jackson's psychological fitness for duty was never officially recorded or memorialized in any way. In the immediate aftermath of a situation where two veteran police sergeants were fearful of being fatally assaulted by Officer Jackson during their interview of him, the conclusion is inescapable that APD ostensibly returned him to full duty status following a brief suspension with no information whatsoever regarding either his emotional stability or the danger he might pose to others as a police officer..

A memo from OPS Investigator R.S. Bailey to Officer Jackson on July 14, 2005 simply informed him that he was being immediately returned to "full duty." APD records contain no additional information concerning why he was ostensibly placed on leave for six weeks, nor any requirements associated with his return to duty (e.g., psychological and/or administrative counseling, closer supervision, change of assignment, etc.).

A six week suspension for the kind of defiant insubordination manifested by Officer Jackson was an outrageous under reaction to his misconduct. It should be noted that there were no extenuating circumstances associated with his refusal to work a foot beat (e.g., health problems, fear of injury or religious beliefs that might have conflicted with the type of duty to which he was being assigned). Suffice it to say that no police agency could allow its officers to reserve the right to refuse lawful duty assignments and continue to function. Officer Jackson clearly should have been immediately **terminated** as a direct result of his blatant violation of **APD Work Rule 4.2.09** (obeying supervisor command), without regard to the unknown outcome of the psychological evaluation which was conducted by Derrick Mitchell.

Following Officer Jackson's suspension from duty, allegations that he had been untruthful during an OPS investigation of his interaction with Sgts. Senzer and Mills on May 25, 2005 were initially "not sustained." However, a subsequent November 18, 2005 memo from Major Harris concluded that "[it has been] determined that employee **Work Rule 4.1.03 (Truthfulness)** should have been listed as **'Sustained'** in the investigative write up [regarding Officer Jackson]." Major Harris went on to request that command staff conduct an "expedited review" of the matter. Despite this request from Major Harris, no action was evidently taken by the command staff of APD. The determination of untruthfulness of the part of Officer Jackson by itself should have resulted in his **immediate termination**. Any police officer who has been officially determined to have lied under oath would have no credibility in any enforcement action he or she might take, nor in testimony they might give in any court of law.

The continued inaction of the Atlanta Police Department with respect to Officer Jackson clearly emboldened this rogue (and likely emotionally disturbed) officer to correctly assume that he could continue violating APD regulations with impunity over a period of many years as a patrol officer. On August 4, 2008, Chief Pennington requested a fitness for duty examination of Officer Jackson "by a physician to be designated by the City of Atlanta." In his request, the chief noted that *"Officer Jackson has received nine citizen complaints, been a part of five internal investigations and has been placed on early warning [status] on three separate occasions and has received two new use of force complaints."*

While Chief Pennington's request was approved by Jerry Solamon of the city's Human Resources Department, no psychological examination of Officer Jackson was conducted until December 10, 2008. The report of that evaluation by Dr. Stone, dated January 14, 2009, expressed the professional conclusion that Officer Jackson was **unfit for duty as an Atlanta police officer** as a result of a personality disorder which included elements of cognitive rigidity, social deficits, self awareness deficits and paranoid ideation--which are incompatible with a law enforcement position.

Despite the damning nature of this belated psychological evaluation of Officer Jackson, The City of Atlanta elected to allow him to continue functioning as a law enforcement officer. Nine months after Dr. Stone's report, Major Finley--obviously prioritizing Jackson's job security over the safety of Atlanta citizens--urged that he "[Jackson] be afforded the opportunity to undergo "therapeutic treatment and training," noting that "The recent Fitness for Duty examination rendered by Psychological Services...places Officer Jackson's employment with the City at risk."

Officer Jackson was subsequently allowed to continue functioning as a fully-sworn, armed police officer with the City of Atlanta, notwithstanding compelling evidence of his continued emotional instability and propensity to overreact to line of duty situations, including the use of excessive force. Not surprisingly, Officer Jackson's longstanding history of official misconduct eventuated in the serious injury of the plaintiff, a tragedy which would clearly have been prevented had APD reacted in a responsible manner by terminating Jackson long before he shot Mr. King in violation of both the law and departmental regulations.

Officer Jackson's personnel record is replete with serious indications **of anger management problems** as well as a **propensity to use excessive force extending from the time of his improper reinstatement in 2005 to his nearly fatal shooting of the plaintiff in 2013.** Like the tremors preceding an earthquake, the warning signs went on for year after year with no significant reaction on the part of APD. Serious complaints, some of them emanating from other law enforcement personnel, often resulted in only minor disciplinary action (e.g., "oral admonishment") or a sanitized change in the finding from "sustained" to "exonerated." In one instance a charge against Jackson involving "maltreatment" and "unnecessary use of force" resulting from the use of OC spray was not sustained, even though Jackson's sergeant was aware that he had previously done the same type of thing before. The sergeant had unsuccessfully attempted to have disciplinary action imposed at the time of the earlier incident. On the infrequent occasions when even minor discipline was meted out, it was often reduced. Officer Jackson was able to continue verbally and physically abusing citizens with impunity, a pattern which paved the way for his reckless shooting of Mr. King in 2013.

On the afternoon of April 4, 2013, Officer Jackson's well established pattern of impulsive, irresponsible behavior, coupled with his demonstrated disregard for APD regulations and standard operating police procedures, resulted in his rushing forward by himself with a drawn firearm toward a multi-occupant vehicle that allegedly matched to some extent the description of a car that had been involved in an armed robbery. Officer Jackson subsequently pointed his firearm at the driver's side window where Will King was seated and recklessly attempted to open his door. When Mr. King drove forward, Jackson ran alongside the vehicle and struck the driver's window with his firearm, causing it to discharge and seriously wound Will King. Officers are universally trained to maintain protective cover in such a potentially "high risk" vehicle stop situation and to await the arrival of backup assistance. They are similarly instructed not to abandon cover and approach such a vehicle by themselves, or to attempt to remove individuals from it. Officers are also trained in "firearms discipline" to avoid the risk of discharges by not placing a firearm in close proximity to a suspect or attempting to use it as a cudgel

(which involves an obvious danger of the weapon being discharged if the officer's finger is on the trigger--as happened here).

In conclusion, it is my considered professional opinion that the Atlanta Police Department knowingly and repeatedly placed members of the community such as Will King in foreseeable danger by allowing an incompetent, unstable police officer whom they either knew or reasonably should have known posed an imminent danger to the lives and safety of the public to remain on the force over a period of many years prior to the time he improperly shot and seriously wounded the plaintiff.

I am enclosing herewith a current copy of my professional vita, my fee and expense policies and a list of all attorneys who have retained my services as a consultant and/or expert witness during the past four years.

Please do not hesitate to contact me further at this time should you require any additional information concerning this matter.

Very truly yours,

George L. Kirkham, D.Crim.
Professor Emeritus

*Dr. George Kirkham and Associates, Inc.*

# Professional Vita

## Education

B.A. Criminology, California State University at San Jose
("With Distinction" and "Departmental Honors in Criminology")

M.S. Criminology, California State University at San Jose

D. Crim., University of California at Berkeley

## Present Occupation

Professor Emeritus, College of Criminology and Criminal Justice, Florida State University, Tallahassee, Florida.

## Law Enforcement Consultation

Experience as a private consultant and expert witness for both plaintiff and defense in over 1,500 cases of civil litigation arising from police actions, private security operations and jail and confinement conditions in nearly every state.

Executive Director and Certification Board Member of the National Academy of Police Specialists (N.A.P.S)

Former Associate Member: International Association of Chiefs of Police (l.A.C.P)

Former Member: Police Benevolent Association (P.B.A.)

Certified Police Officer, State of Florida (1973-1992)

Author, with Professor James D. White, of a series of police civil liability training videos and instructional manuals currently in use throughout the United States (See "Publications") in the training of both line officers and administrators.

Past Member, Board of Directors, Americans for Effective Law Enforcement;
A.E.L.E. is a non-profit legal research organization founded by Fred lnbau, John Henry Wigmore Professor of Law Emeritus at Northwestern University; it serves the law enforcement profession through amicus curiae briefs, publications, workshops and research programs.

Member, Board of Directors, International Law Enforcement Stress Association (ILESA).

Director, National Conference on Stress in Policing (Orlando, Florida).

Served as an instructor, lecturer, or consultant to the following agencies and organizations:

Callahan Commission, Massachusetts Police Training Council

British Metropolitan Police, Peel Centre

New York City Police Department, Police Benevolent Association

NBC News, for proposed documentary on convicted mass-murderer Theodore Bundy

Detroit Police Officers' Association

Philadelphia Police Department

Pennsylvania State Police

Virginia State Police

Maine State Police

Yonkers, New York, Police Department

Police Officers Association of Michigan

Albuquerque, New Mexico Police Department

Cincinnati, Ohio Police Department

Dayton, Ohio Police Department

Roanoke, Virginia Police Department

Toronto Metropolitan Police

United States Military Police Training Center, Fort McLellan, Alabama

United States Treasury Department, Consolidated Federal Law Enforcement Training Center

Federal Bureau of Investigation, Quantico, Virginia

Northwestern Traffic Institute

International Association of Women Police      12

North Carolina Law Enforcement Officer's Association

Advisory Council on Sheriff Affairs, Lorain, Ohio

Florida Sheriff's Association

Florida Peace Officer's Association

State of Indiana, Fraternal Order of Police

Southern Police Institute

Law Enforcement Assistance Administration (L.E.A.A.)

Kenosha, Wisconsin Professional Police Association

Ohio Association of Police Chiefs

Western Colorado Peace Officers Association

National Association of State Directors of Law Enforcement Training (N.A.S.D.L.E.T.)

Florida Police Standards and Training Commission

Jacksonville, Florida Police Department

St. Petersburg, Florida Police Department

Tallahassee, Florida Police Department

Office of the State Attorney, 16th Judicial Circuit of Florida (for investigative evaluation of organizational and personnel problems within the Key West, Florida Police Department)

Office of the State Attorney, 15th Judicial Circuit of Florida, Palm Beach County, Florida

Office of the State Attorney, Miami, Florida

Member, Selection Board for Chief of Police for Fort Walton Beach, Florida

New Port Richey, Florida Police Department

National Institute for Occupational Health and Safety, U.S. Department of Health,

Education and Welfare (for police stress research)

13

Leon County Sheriff's Department

Florida Highway Patrol

National College of District Attorneys

California District Attorneys' Association

Florida Criminal Justice Educators Association

Americans for Effective Law Enforcement (A.E.L.E.), Evanston, Illinois, Past Board Member

Florida Public Defenders Association

Florida Professional Practices Council

State of Utah Peace Officers Association

Columbia, South Carolina Criminal Justice Academy

Wisconsin Department of Justice

Florida Police Task Force, Governor's Committee on Criminal Justice Standards and Goals

Utah League of Cities

## Other Professional Experience

Research Criminologist, Systems Analysis Division, Stanford Research Institute, Menlo Park, California.

Project Director and Research Associate,The Center for Interdisciplinary Studies, California State University at San Jose

Consulting Editor, Journal of Police Science and Administration

Editorial Consultant, Harper and Row Publishers, Media Division

Graduate, Florida Police Standards and Training Academy

Police Patrolman, City-County of Jacksonville, Florida

Police Officer, City of Tallahassee, Florida

Deputy Sheriff, Leon County, Florida

14

Agent, Organized Crime Division, Broward County Sheriff's Department under U.S. Department of Justice Grant

Correctional Counselor, California Department of Corrections, Soledad State Prison

Director, National Study of Jail Inmates on Work Release, Santa Clara County Jail, Elmwood Rehabilitation Facility

Doctoral level counseling under supervision of psychoanalyst Bernard L. Diamond, M.D., at Langley Porter Neuropsychiatric Clinic and Mount Zion Hospital Outpatient Psychiatric Clinic

## Published Works:

**Books**

George Kirkham & Leonard Territo, Ivory Tower Cop (Durham: Carolina Academic Press, 2009).

George Kirkham & Leonard Territo, Criminal Investigation Instructor's Manual for Ivory Tower Cop
(Durham: Carolina Academic Press, 2009).

Leonard Territo & George Kirkham, International Sex Trafficking of Women and Children: Understanding the Global Epidemic (New York: Looseleaf Law Publications, 2010).

George L. Kirkham & Laurin Wollan, Introduction to Law Enforcement (New York: Harper and Row, 1979). George L. Kirkham, Signal Zero: The True Story of a Professor Who Became a Cop (New York: J.B. Lippincott, 1976). Selected by Book-of-the- Month Club as November 1976 Alternate. (Motion picture options sold to David Hartman of ABC)

George L. Kirkham, Signal Zero: The True Story of a Professor Who Became a Cop, (New York: J.B. Lippincott, 1976). Selected by Book-of-the-Month Club as alternate.

**Educational Films & Video Tapes**

George L. Kirkham and James D. White, Police Human Relations: Non-Verbal Communication, Parts I, II, & III (Tallahassee, Florida: The Florida State University and the Tallahassee Police Department, Freestyle Productions,(1989)

George L. Kirkham and James D. White, Police Civil Liability: Negligent Operation of Police Motor Vehicles (New York: Harper and Row, 1978)

George L. Kirkham and James D. White, Negligent Use of Police Firearms (New York: Harper and Row, 1978).

George L. Kirkham and James D. White, Police Use of Deadly Force (New York: Harper and Row, 1979).

George L. Kirkham and James D. White, Excessive Force and the Police (New York: Harper and Row, 1979).

George L. Kirkham and James D. White, Police Supervisory Liability (New York: Harper and Row, 1979).

George L. Kirkham and James D. White, Police Officers and the Federal Civil Rights Act (New York: Harper and Row, 1979)

George L. Kirkham, Police: The Human Dimension: "Stress" (New York: Harper and Row, 1976)

George L. Kirkham, Officer Stress Awareness (New York: Harper and Row, 1976)

George L. Kirkham, Internal Adaptations to Stress in Modern Law Enforcement New York: Harper and Row, 1976)

George L. Kirkham, External Reactions to Stress in Policing (New York: Harper and Row, 1976).

George L. Kirkham, The Police Marriage: Personal Issues (New York: Harper and Row, 1976).

George L. Kirkham, Police Children: Issues and Problems (New York: Harper and Row, 1976).

George L. Kirkham, The Police Marriage: Social Pressures Affecting It (New York: Harper and Row, 1976).

George L. Kirkham, Police Authority and Informal Discretion, Part I (New York: Harper and Row, 1976).

George L. Kirkham, Police Authority and Informal Discretion, Part II (New York:Harper and Row, 1976).

George L. Kirkham, Minorities and the Police (New York: Harper and Row, 1976).

* Recipient of the Golden Eagle Award, Council on International Non-Theatrical
* Events: selected to represent the United States in motion picture events abroad. Also awarded The Chris Plaque, Columbus Film Festival (1976).

George L. Kirkham, Police Ethics: Part I (New York: Harper and Row, 1976).

George L. Kirkham, Police Ethics: Part II (New York: Harper and Row, 1976).

George L. Kirkham, The Police Officer in the Community Part I (New York: Harper and Row, 1976).

George L. Kirkham, The Police Officer in the Community: Part II (New York: Harper and Row, 1976).

**Articles and Professional Papers**

George L. Kirkham, "Police Firearms Accidents," Police (May, 1989), Vol. 12, No.3.

George L. Kirkham and James D. White, "Body Language and Policing: A Training Series," Parts I, II, & III (Tallahassee, Florida: The Florida State University,1990)
George L. Kirkham, Convener, "Death Behind Bars," (Panel Presentation on the problem of suicide in Jails and Prisons), Southern Conference on Corrections, (February, 1989).

George L. Kirkham and James D. White, "A Police Civil Liability Handbook," Harper and Row, 1976).

George L. Kirkham, "The Policeman and the Law: A Changing Perspective," Barrister (December, 1976).

George L. Kirkham, "The Criminologist as Police Officer; A Participant-Observation Study," paper presented to the American Society of Criminology; subsequently published in Donal E.J. MacNamara and Frank Reidel, Police: Problems and Prospects (New York: Praeger, 1975)

George L. Kirkham, "On the Etiology of Police Aggression in Black Communities," paper presented to the American Society of Criminology (1974).

George L. Kirkham, "Doc Cop," Human Behavior (May, 1975).

George L. Kirkham, "A Professor's Street Lessons," F.B.I. Law Enforcement Bulletin (March, 1974); reprinted as "From Professor to Patrolman: A Fresh Perspective on the Police," The Journal of Police Science and Administration (May, 1974): also reprinted by numerous law enforcement journals throughout the world, including Interpol.

George L. Kirkham, "Jail Inmates on Work Furlough," with T. Conway Esselstyn, Ph.D., et. al., Criminologica (November, 1969). Also presented by Dr. Kirkham at the joint annual meeting of the American Society of Criminology and the American Association for the Advancement of Science (1968).

George L. Kirkham, "Evaluating Work Furlough," with Alvin Rudoff, Ph. D., et. al., Federal Probation (March, 1971).

George L. Kirkham, "The Potential Rehabilitative Role of Work Release Programs for Jail and Prison Inmates," paper presented at the First Inter-American Congress on Criminology, San Juan, Puerto Rico, 1971

George L. Kirkham, "The Utility of Internships as an Educational Device in the Field of

Criminology," paper presented (in absentia) at the Second Inter-American Congress of Criminology, Caracas, Venezuela (1971)

"Work Release Programs for Jail Inmates: Their Economic and Rehabilitative Value" with T. Conway Esselstyn, Ph.D. and Alvin Rudoff, Ph.D.

## Research Grants

"Model Police Interpersonal Communications Training Project," Law Enforcement Assistance Administration

"Training Municipal Police in Community Relations and Emotional Control Skills," Law Enforcement Assistance Administration

"Enrichment of the Criminology Curriculum at Florida State University"

"Training Correctional Personnel in Stress Management Techniques," National Institute of Corrections and Florida Division of Corrections (with Professor James D. White)

## National Recognition and Community Service Awards

Innovative research and work in the field of law enforcement have been the subject of numerous national media programs and publications, including:

CBS "60 Minutes"

NBC "Tomorrow Show"

ABC "Good Morning America"

Newsweek

U.S. News & World Report

People Magazine

Reader's Digest

J. Edgar Hoover Award ". . . for outstanding contributions to effective law enforcement" (Miami Beach, 1976)

Distinguished Service Award, Reserve Law Officers Association of America

26th Annual Freedom's Foundation at Valley Forge Award for the 1975 article, "What a Professor Learned When He Became A Cop"

"Award of Appreciation in Recognition of Outstanding Service on Behalf of Municipal Police in the State of Ohio," Ohio Association of Chiefs of Police

"Award of Recognition," Toronto Metropolitan Police

Optimist International Award for Outstanding Service to Law Enforcement"

"Award in Recognition of Outstanding Service to Law Enforcement Nationwide," Florida Peace Officers Association

"Award for Outstanding Contributions to Law Enforcement Education and the American Justice System," California Association of Justice Educators

"Award of Recognition," Southern Police Institute, University of Louisville

Listed in "Who's Who in Law Enforcement"

Founder, Officer Ernest Ponce de Leon Memorial Law Enforcement Scholarship at Florida State University College of Criminology and Criminal Justice

*Dr. George Kirkham and Associates, Inc.*

**Criminal Justice Consultants**

# 2014

Estate of Mario Blanco v. Caribbean Isles Villas Condominium
Miami-Dade County Court
Case #: 10-49453CA10
Atty: Brett Yonon

Amy Rachel vs City of Mobile, AL and Michael T. Williams, et al
USDC, Southern District, Southern Division
Civil Action No. 13-522
Atty: Erik S. Heninger

Ramon and Susan Torres v. Hooters of Jacksonville, LLC
Duval County Court
Case #: 098-98-001
Atty: Lindsay L. Tygart

Jean Nesca
Palm Beach County Superior Court
Case #: Settled
Atty: Byrnes Guillaume

Jonathan Ferrell v. The City of Charlotte, County of Mecklenburg
Superior Court of Mecklenburg County
Atty: Christopher Chestnut

Mastrata v. Walgreens
Miami-Dade County Superior Court
Atty: J. P. Gonzalez-Sirgo

Scott Rowe v. BP&P of Northeast Florida, Inc. D/b/a Brewster's Pub & Pit
Duvall County Superior Court
Case #: 460-130036
Atty: Howard C Coker and Daniel A. Iracki

Scott Jones vs. Jaguars Gold Club
Taylor County Superior Court
Case #: 9837-D
Atty: Greg Allen

Jason Chessher v Crestview Police Department
The Circuit Court in Okaloosa County, Florida
Case #: 2011-CF-002248
Atty: Gillis E. Powell, Jr

Estate of Torres v. Pelican Isles Limited Partnership, et al.
Brevard County Superior Court
Atty: Douglas R Beam

20

Greer v. Brevard County Sheriff's Office, Indialantic Police Department
Brevard County Superior Court
Atty: Douglas R Beam

John Doe v. Jeffrey Mark, Professional Bowlers Association and Storm
Brevard County Superior Court
Atty: Douglas R Beam

Treavor Eimers vs City of Key West, a Florida municipality, et al
Court: Miami-Dade County
Case #: Settled
Atty: David W. Brill

Pringle v. Charleston County, et al.
Charleston County Superior Court
Case #: 2013-CP-31-322
Atty: Robert V. Phillips

Ernest Russell, et al vs. Darlington County Sheriff's Office, et al
Darlington County Superior Court
Civil Action No: 2013-CP-16-0825
Atty: Robert V. Phillips

Gere v. Charleston County, et al.
Charleston County Superior Court
Atty: Robert V. Phillips

Deonna Thomas vs. Boynton Pinehurst, LLC d/b/a Aventine at Boynton Beach, et al
Palm Beach County Superior Court
Case #: 12-043
Atty: Michael J. Brevda

Timothy Bowker v. The Savannah Club
Court of Martin County
Atty: Jeff D. Vastola

Huang, Zhi Wei v. Westchase Apartments
Lee County Superior Court
Case #: 2002-0338-00
Atty: Thomas E. N. Shea

State of Arkansas v. Paul Bembry
Court: Washington County Court
Case No: CR-2012-698-2
Atty: W. Blair Brady

Linda & Terry Jackson v City of Baytown
55th State Judicial District Court – Harris County, Texas
Cause No. 2013-09168
Atty: Arthur J. Gonzalez

Michelle Monemayor vs. Taymax Fitness LLC; SP Pavilions, LLC; RPD Property Management Company, LLC;
Transwestern Commercial Services, LLC; and Yu Masaki
District Court, 288th Judicial District, Bexar County Texas
Cause No. 2012-CI-01966
Atty: Manuel Maltos

Gomez
Miami-Dade County Superior Court
Case #: Settled
Atty: David P. Lister and Tamatha S. Alvarez

Mahmud, E/O Shihab v. Chevron & South Florida Commercial Property, LLC
Palm Beach County Superior Court
Case #: 14-1847
Atty: Adam S. Doner

Estate of Harper v. Felcor, et al dba Embassy Suites
Palm Beach County Superior Court
Atty: Adam M. Balkan

Quigley vs. Palm Beach Yacht club, et al.
Palm Beach County Superior Court
Case #: 20121387
Atty: John A. Shipley

Meckler v. OCDC
Orangeburg County Superior Court, SC
Atty: Andrew J. Brown

Camberdella v. PBSO
Palm Beach County Superior Court
Case #: 12-125
Atty: Jennifer M. Lipinski

Williams v. Sunshine Mart & BP Products
Duval County Superior Court
Atty: C. Douglas Green

# 2013

Douglas Howard v. Monkey's Uncle Tavern
24th Judicial Circuit – Duvall County Division CV-G
Case # 16-2012-CA-0011208
Atty: Daniel Iracki

Russell Buddie v. Savoy
Broward County Court
Case # 12-21324
Atty: Aaron Finesilver

Tasheen Dyer v. City of New York, et al
Southern District Federal Court, New York
Case # 11-CIV-7051 (TPG)
Atty: Jared R. Cooper

Carlos Chacon v City of Austin Texas, Officer Eric Copeland and Officer Russell Rose
U.S. Western District Court – Austin Division
Case # 1:12-CV-226-SS
Atty: Erica L. Grigg

Butler v Schiralli, et al
U.S. District Curt, Northern District of Georgia
Case # 1:12-cv-0872
Atty: Michael P Carvalho

Estate of Robert Lamble v Charleston County, et al
County of Charleston, SC
Case # 2012-CP-10-0983
Atty: C. Carter Elliott, Jr

Estate of Robert Lamble v Albert Bing, et al
Federal Court of Charleston, SC
Case # 0:12-cv-02772-SB-PJG
Atty: C. Carter Elliott, Jr

Cento v. Brittany of Rosemont
Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida
Case # 2011-CA-012037-0
Atty: Daniel P. Osterndorf

George and Michael Hyman v. The Georgetown County Sheriff Department
Court - Currently Available
Case # 08-CP-22-1413
Atty: Marion C. Fairey, Jr

Nga Pham, Thuc Huynh and Truc Huynh, Individually and as Personal Representatives of the Estate of Hao Huynh,
Deceased vs. St Del Rio Holdings, L.P. d/b/a Catalina Village Apartments, et al
281st Judicial District Court of Harris County, Texas
Case # 2012-16150                           23
Atty: Ba M. Nguyen

Jane Doe vs. Carnival Cruise Lines
U.S. District Court – Southern District of Florida (Miami Division)
Case # 1:12-CV-22241-CMA
Atty: Joseph Rinaldi

Rader v. Estate of Melbourne Police Dept
Court: Currently Available
Case # ME-27-0051
Atty: Raymond Bodiford

Cobb-Sutherland vs Laurens County Sheriff's Office
State of SC County of Greenwood
Case # 2011-CP-30-903
Atty: Albert V. Smith

Brenda Mason, et al vs. City of Lafayette, et al
U.S. District Court – Western District of Louisiana – Lafayette Division
Case # 6:12-CV-02939
Atty: Laborde / Speer

James Ryan Singletary v. Brevard County Sheriff's Office
In the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida
Case # 052012-CF-054361-AXXX
Atty: Hank Hornsby

Aguayo, et al v. Trujillo, et al
Court: Currently Available
Case # D-101-CV-2012-1489
Atty: Matthew L. Garcia

State of Florida v. Burtschin
Superior Court of Palm Beach County
Case # 2010CF012773A
Atty: Mitchell J. Beers

Obie Dean v. City of Prichard, et. al.
United States District Court
Case # 12-0596
Atty: Thomas R. Boller

Mack Neil Myers v. Paula Rector Jackson, et al
Federal Court of Charleston, SC
Case # 0:12-cv-02526-TMC-PJG
Atty: C. Carter Elliott, Jr

Tyler v. Community Food Stores, Inc
Case: Settled pre-suit
Atty: Joseph T. Kissane

Perratto v. Shore Restaurants
Martin County 19th Judicial Circuit
Case # 12-CA-1942
Atty: Mark DiCowden

24

Thomas Easterling v. Burger King, et al
Court: Charleston County
Case # 2011-CP-10-4348
Atty: D. Ellis Roberts

LaFretta Watkins v. MRB, Inc. dba 50 Yard Line Sports Bar & Grill
Fulton County State Court
Case # 13-EV-017647Y
Atty: Keenan R. S. Nix

Campbell v. City of Pensacola
United States District Court
Case # 3:13-cv-161
Atty: Clifford Higby

Frank Kiser, II vs. Ashland Hospital Corporation, et al
Boyd Circuit Court
Case # 13-CI-407
Atty: Michael J. Curtis

Matthew Talley
Court: Broward County
Case # Currently Available
Atty: Todd Middlebrooks

Steven Aguanno vs. Nob Hill Connection Corp
15th Judicial Circuit, Broward County
Case # CACE-11-031310 (04)
Atty: Peter A Dyson

Modica, Jonathan; Modica, Charles; Hills, Frederic v. Jupiter Tiki d/b/a The Corners, Michael (Kracker ) White and
Daniel Berg
Court: Palm Beach County Court
Case # 502012CA019732XXXXMB
Atty: Richard D. Schuler

Shawana Newson v. Stirling Apts, Assoc Ltd, et al
Court: Palm Beach County
Case # Currently Available
Atty: John Patterson

Taunya Lou Stephens Jeter, et al vs. South Carolina Department of Corrections, et al
Court - settled
Case # 2012-CP-18-1661
Atty: C. Carter Elliott, Jr

Lacy Lamb
Court: Currently Available
Case #: Currently Available
Atty: T. Ryan Langley

Ephraim Slaton and Gwendolyn Tolliver obo Matthew Green v. Tyrone Jenkins, et al
Court: Currently Available
Case #: Currently Available
Atty: Gino Brogdon, Jr                                              25

Wilkerson, Steve vs. Knight's Pub
Court: Currently Available
Case #: Currently Available
Atty: Joseph H. Shaughnessy

Darlene Herbert as representative of the Estate of John Torre v. Pelican Isles, et al
Court: Currently Available
Case #: Currently Available
Atty: Douglas R. Beam

Estate of Christopher Greer v. Brevard County S. O., et al
Court: Currently Available
Case # Currently Available
Atty: Douglas R. Beam

Brophy – Miller v. Professional Bowlers Assn v. Jeffrey Mark
Court: Currently Available
Case # Currently Available
Atty: Douglas R. Beam

Reynoso v. Buddha Entertainment et al
Clark County District Court
Case # A-13-682896-C
Atty: Benjamin P. Cloward

Angelo Kallas v. Scott Yoder, et al
Court: Currently Available
Case # 13-CV-80979
Atty: Stuart N Kaplan

Karen Perez vs. 1st and 10 Sports Bar & Grill, Developers Diversified Realty Corp, Palm Beach County Sheriff's
Office, Sheriff Rich Bradshaw, and Deputy Michael Suszscynski
Court: Currently Available
Case # Currently Available
Atty: Matthew D Levy

Barney Gilbert vs. Tria Adelfi, LLC; Oak Knoll Renaissance, Inc; Oak Knoll Renaissance Limited Partnership;
Aaron Scott; Andre Scott, Antoine Lyons
Court: Currently Available
Case # 45D11-1105-CT-00108
Atty: Donald W Wruck

Brian Simons vs Walmart and Bank of America
Court: Currently Available
Case # 8:11 CV 03180
Atty: Aaron S. Jophlin

Scott v. Lake County S. O.
Court: Currently Available
Case # Currently Available
Atty: Jason Reckseidler

Davis/Johnson v. Dr. Vistasp Karbhari, et al
Court: Currently Available
Case # Currently Available
Atty: Douglas Fierberg

26

Anthony Nastrofilippo v. Borough of Little Ferry, et al
Court: Currently Available
Case # Currently Available
Atty: Louis Zayas

Worosz v. Helnia, LLC
Court: Currently Available
Case # Currently Available
Atty: Michelle Zeiger

William Battista v. Brass Ring Pub
Court: Currently Available
Case # Currently Available
Atty: Michelle Zeiger

# 2012

Jennifer Micha and Charles W. Langstaff, II v. PGA
Mexx, LLC d/b/a Cabo Flats
15th Circuit Court, Palm Beach County
Case # 50-2011-CS-009375
Atty: Jacob M. Even

Laurie Domico v. Murphy Oil and Encompass
Insurance
15th Judicial Circuit FL
Case # 502012CA008717
Atty: Allison B. Lane

McCloud v. JAA, et. al.
4th Judicial Circuit Duval County
Case # 16-2012-CA-4576
Atty: Clifford C. Higby

Edwards, Charles v. Deko Nightclub
Circuit Court 9th Judicial Circuit Orange County, FL
Case # 2012-CA-003152-0
Atty: Douglas Green

Rose Powell v. Loris Healthcare System, et. al.
Horry County SC 15th Judicial Circuit
Case # 2011-CP-26-2550
Atty: Scott Evans

Walkes, Basil v. Sabal Palms Apartment
9th Judicial Circuit Orange County, FL
Case # 2011 CA010647-O
Atty: Nicholas Panagakis

Tracey Bernard Gilyard and Tiffany Adams v. Randy Benson,
individually, and Richland County Sheriff's Department
Federal US Dist. Court of SC
Case # 3:12-CV-01336-CMC
Atty: T. Jeff Goodwyn, Jr.

Jessica Taylor, as Personal Representative of the
Estate of Jesse Calvin Taylor v. Richland County and
Correct Care Solutions, LLC
Columbia / Richland County SC
Case # 2011-CP-40-4341
Atty: C. Carter Elliott, Fr.

Butler, David Schiralli, et al v. Kmart
US Dist Court Northern Dist. of Georgia Atlanta Div.
Federal Court
Case # 1:12-CV-0872-JEC
Atty: Michael P. Carvalho

28

Russell Dawson v. Warden McKither Bodison, et al.
Case No. 8:11-CV-1781-JFA-JDA
Russell Dawson v. SCDC, et al.
Dist. Court of SC, Anderson/Greenwood Div.
Case # 2010-CP-18-1922
Atty: C. Carter Elliott, Jr.

Rakes, Andrew v. Collier County Sheriff Department
& Todd, Jessie
20th Judicial Court
Case # 11-CA-3921
Atty: Daniel Sheppard

Pierson, Al-Kauthar, individually, and Al-Kauthar
Pierson, Jr., a minor, by and through Al-Kauthar
Pierson, natural father and legal guardian v. Bali at
Oasis Neighborhood Association, Inc., The Continental
Group, Inc., and Oasis Community Homeowners
Association, Inc.
Miami Dade County Circuit Court
Case # 10-64691  Case Settled
Atty: Michael C. Mattson

Samantha Jo Garland v. Belvin Lee Sherrill,
Georgetown County and the Office of the Sheriff of Georgetown, South Carolina, Jointly, Severally or in the
Alternative, and A. Lane Cribb, Indiviually and in his Official Capacity
US District Court Orangeburg, Dist of South Carolina
Case # 5:12-cv-00090-CMC-KDW
Atty: Marvin Infinger

Trinity Jackson v. Joe Chavez, Jr. et al
United States District Court for the Western District of Texas
Case # 1:11-CV-417-LY
Atty: Broadus A. Spivey

Torres v. City of Albuquerque, et al.
2nd Judicial District Court
Case # CV-2011-06551
Atty: Kathleen J. Love

Anderson Quinones v. New Jersey State Police
Essex County Superior Court of NJ
Case # ESX-L-4566-08
Atty: Adam J. Kleinfeldt

Calzada, et al. v Carribean Isles Villas Condominium Assoc., et al.
No other info available at this time
Atty: Anthony Soto

Lenyk R. Scott, Individually as Personal Representative of the Estate of Raymond Frederick Stewart v. Southern
Management Corporation, et al.
Prince George's County Circuit Court
Case # CAL11-34154
Atty: Stefan Shaibani

Terry and Patricia Gosner v. Thomas Simpson, The National Rifle Association, Gary Washer, Deborah Washer and Gary Chapman
Oakland County Circuit Court, MI
Case # 11-120207N0
Atty: James O. Elliott

Nga Pham, Thuc Huynh, and Truc Huynh, Individually and as Person Representatives of the Estate of Hao Huynh, Deceased v. St. Del Rio Holdings, L.P. d/b/a Catalina Village Apartments, STDR Management, LLC, and Greystone Asset Management, L.P.
281st Judicial District Court of Harris County, Texas
Case # 2012-16150
Atty: Ba M. Nguyen

Lorenzo Rouse v. South Carolina Department of Corrections
U.S. District Court Charleston, SC
Case # 2:11 – CV01152 DCN
Atty: J. Ryan Heiskell

Estate of Trevor Neil Hawkins-Varinecz, by and through Thomas Varincez, as the Personal Representative v. Carolina Forest High School, Horry County School District, SC State Department of Education, Marcus Rhodes, and Horry County Police Department
Horry County SC and US Dist. Court SC Florence Div.
Case # 4:11-CV-02638-TLW
Settled
Atty: Ed Bell

Glenn Jackson, Jr. v. Travis Steele, et al.
US Dist.Court of Eastern Kentucky Ashland
Case # 11-CV-0072-HRW
Atty: Michael J. Curtis

Price v. B&B Cash Grocery Stores, Inc. d/b/a U-Save
Palm Beach County 15th Judicial Circuit
Case # 50-2011CA008784xxxxMBA
Atty: Richard A. Ryles

Barbara Hyman, As Personal Representative of the Estate of Nelson Gray Hayman, III v. Town of Summerville, Summerville Police Department, Bruce Owens in his capacity as Chief of the Summerville Police Department, and Eddie K. McCreary
Federal Court-District of South Carolina
Case # 2:12-cv-02874-RMG
Atty: Christopher J. McCool

Jason Morales v. MGLS, R.B. Jo, Inc.
Palm Beach County Circuit Court 15th
Judicial Circuit
Case # 502010-CA021151
Atty: Richard Schuler

Nicholson vs. Stoneybrook Apts.
Palm Beach County FL 15th Judicial Circuit
Case # 502010CA028355XXXXBad
Atty: Anika Campbell

Jones vs. Commons
4th Judicial Circuit
Case # 2010 004803
Atty: Aaron Finesilver

# 2011

Jane Doe1 vs. RCCL
Jane Doe2 v. RCCL
Atty: Michael D. Eriksen
United States District Court
Southern District of Florida
Miami Division

Spears v. Winn Dixie
15th Judicial Circuit
Palm Beach County
Case:09/0005
Atty: Casey D. Shomo

Gurley v. Hollywood Towers
Condominium Association
Case #: File #0065956
Broward Circuit Court
17th Judicial Circuit
Atty: Sia Najad

David Stockdale v. Edisto Group, LTD
Case # 09-CA-002228
Atty: Daniel A . Shapiro
Lee County 20th Judicial Circuit, Lee County,

Tramaine Miller v. City Views of Rosa Burney Park Limited Partnership, et.al.
Atty. Shawn Williams
Civil Action File #: 2009CV08640C
State Court of Clayton County, GA

Michael Maher v. CSC Lake Worth Limited and General Security Services, LLC.
Case# 502007CA009725XXXXMBAJ
Atty: Edmund Gonzalez
15th Judicial Circuit
Palm Beach County, FL

Heidrich,Cathy v. First BankShares and Richard Straub
Atty: Eric Eide
Circuit Court
9th Judicial Circuit Orange
County
Claim #:EGH6551

Lonnie Scott v. Springbrook Commons/Gatehouse Mgt. Inc.
Atty: Bryan Boysaw
Not Yet Filed

Marlena Porter v. Rivertree Landing Apts.
File: 0176-0008
Atty: Rhonda Beesing
Hillsborough County Tampa
Case #: 09-027076
Settled

Simmons v. Malasky Properties
502010-ca-030275xxxxMBAO
Richard A. Ryles, Esq.
15th Judicial Circuit
Palm Beach County, FL

Robert Kagan v. Wings-Up on the Westbank, et al.
24th Judicial District Court for the Parish of Jefferson, State of Louisiana
Attorney Michael B. Alker
24th Judicial District Court for Parish of Jefferson, Louisiana
Case No. 677-688, Div. "O:"

Marshall & Nancy Monroe
v. Newaygo County
File# 7948.10548
Atty. William Mills
Grand Rapids, MI
US District Court
Western Dist.
MI
Settled

Tracy Curry v. Brian Rogan, et al.
State Court of Rockdale
County, GA
Civil Action # 2011SV1452
Atty:Terry D. Jackson, P.C.

Nave vs. Clayton County Et Al
Case # 1:09-CV3630-SCJ
Atty: Terry D. Jackson
US Dist. Court Northern
Dist. of Georgia, Atlanta Div.

Baker vs. Winette
US District Court
Northern Dist. of Georgia
1:11-CV-02728-WSD
Atty: Terry D. Jackson

Gouger vs. Cobb Country Police Dept.
Cobb County State Court
Atty: Terry Jackson
Case# 09A66811

Carl Berry v. Dollar Stores
Atty. William F. McMurry
Federal Court of Western
District of Kentucky
#3:11cv00495-crs

Camille Marques,et al.,
vs. Club Pelican West
et al.
357th Judicial District Court
Cameron County, TX
J.Scott McClain
Cause#2007-11-005495

Brandon Frye v. Dorchester
County Sheriff,s Dept. and
Southeastern Service Group, Inc.
Case No.: 2009-CP-18-1217
State Court Dorchester County
SC
Atty:Lori Cromartic
Bell Legal Group

Sanya Stewart as personal
representative of the Estate of
Peta-Gay Anderson, deceased,
v. Shaker Village Condominium Assoc., a Florida Corporation
Todd Michaels, Esq
Haggard Law Firm.
Case# 09032899
17th Judicial Circuit
Broward County

Lorenzo Rouse Case v. SCDC
Atty: J. Ryan Heiskell
Bell Legal Group
Case# 2:11-CV-01152-DCN
Dist. Court of S.C. Charleston Div.

Yan Zhao v. United States of America
Atty: Timothy D. Hudson
Western Dist of NY Buffalo
Case Matter 06-cv-0106S

Baker v. Gwinett County, GA
US District Court for
Northers District of GA
Atlanta Div.
Case 1:11-CV-02728-WSD

Bellamy v. Boomers
Broward County Circuit Court
Ft. Lauderdale, Florida
Docket #: 0803273408
Atty: Brad Edwards                    34
(Case tried)

*Dr. George Kirkham and Associates, Inc.*

Criminal Justice Consultants

# Fees & Expense Policies

### Case Preparation

I utilize a flat fee formula for each of my professional services. It is my practice once I have been requested to participate in a case and have agreed to do so to require remittance of a $6,500 retainer. This retainer fee covers in its entirety whatever research and analysis I may have to engage in to effectively evaluate your case and prepare for trial. Specifically, it encompasses the following: my personal analysis and evaluation of all relevant case documents; any specialized research which I may conduct or direct my research assistants to conduct; all conference calls which you may wish to schedule for purposes of discussing the case or obtaining guidance throughout the discovery process, as well as the preparation of any requested written reports, affidavits, or response to expert interrogatories. I encourage you to contact me as often as you wish throughout the development of your case. All telephonic and written communications with regard to substantive issues in your case will always be with me personally. Even on those occasions when I am out of town, you should never experience any significant delay in reaching me through my cell phone or email.

While the $6,500 flat fee retainer is based on my experience over the years with the average amount of professional time most cases require, you will not incur any additional expenses should your case require substantially greater involvement on my part than I originally anticipated.

### Discovery Depositions

The Polycom video teleconference system gives attorneys the option of deposing me from their location without incurring the time and expense of traveling to mine. There is no additional charge to either side should you elect to do a video deposition from your location or locations (the HDX 9002 has the capability of tying my office conference site to three other locations simultaneously). I am pleased if requested to make a video recording of any discovery deposition taken at my location and to provide copies of it to all participating attorneys at no charge. If your office does not currently have a VTC capability, you can easily add one to your existing computer or laptop with readily available software; alternatively, you can attend a video deposition either through a VTC equipped law office or Polycom compatible rental site in your area.

In the event that opposing counsel wish to depose me in person, they have the option of doing so at my Palm Beach Gardens office or having me travel to another location. I charge a flat fee of $2,500 for discovery depositions conducted in Palm Beach Gardens. Depositions conducted beyond Palm Beach Gardens involve a flat fee of $5,000 plus travel and per diem expenses. I require that all deposition fees and expenses be paid in full at the time a deposition is taken. I rely upon the firm with which I am working to communicate my Fee & Expense Policies to opposing counsel.

## Video-Taped Depositions

It is my practice to charge a flat fee of $5,000 for any video-taped deposition which is intended for use at trial in lieu of my personal appearance.

## Trial Testimony

In the event that a case is not settled and proceeds to the stage of trial, my fee for expert witness testimony is $5,500 plus whatever travel and per diem expenses are associated with my court appearance. I will provide your firm with a detailed written invoice reflecting this sum. The full invoice amount must be paid prior to my actual courtroom testimony.

ANY OFFICIAL LISTING OR DESIGNATION OF ME AS AN EXPERT IN A CASE WITHOUT MY EXPRESS PERMISSION AND FORMAL RETENTION IS STRICTLY PROHIBITED.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WILL O. KING,                          :
                                       :     **JURY TRIAL DEMANDED**
**Plaintiff,**                         :
                                       :     **CIVIL ACTION FILE NO.**
**v.**                                 :     **1:15-CV-0583-TWT**
**KYLEMA JACKSON,**                    :
**Individually and in his Official**   :
**Capacity as a City of Atlanta**      :
**Police Officer, and**                :
**THE CITY OF ATLANTA**                :
**Defendants**.                        :

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2015, I electronically filed a copy of Plaintiff's Third Amendment to Initial and Expert Disclosures with the Clerk of Court using CM/ECF system with service on all attorneys of record for the City of Atlanta electronically, attached thereto is Dr. George Kirkham's written report, Professional Vita, list of cases in which he has testified and statement of compensation.

I also hereby certify that since I cannot serve Defendant Kylema Jackson electronically, I have this day placed a copy of Plaintiff's Third Amendment to Initial and Expert Disclosures with the Certificate of Service and a copy of Dr. George Kirkham's written report, Professional Vita, list of cases in which he has testified and statement of compensation, in the U.S. Mail, first class, with adequate postage thereon to his address of 1650 Anderson Mill Road, #7103, Austell, GA 30106.

*/s/ Richard B. Crohan*
**Richard B. Crohan**
Georgia Bar No. 197120
rcrohan@mcklaw.org